267 P.2d 1037]

[S. F. No. 18771. In Bank. Mar. 12, 1954.]

FRANCIS CARROLL, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; DONALD E. PRESLEY, Real Party in Interest.

Landels & Weigel and Stanley A. Weigel for Petitioner.

No appearance for Respondent.

Dan L. Garrett, Jr., for Real Party in Interest.

SHENK, J.—The petitioner seeks a writ of prohibition to restrain the respondent court from enforcing its order for the inspection of certain photographs in his possession. An alternative writ was issued.

The order was made in an action entitled *Presley* v. *Pacific Greyhound Lines*, now pending in the respondent court. The plaintiff therein seeks to recover damages allegedly suffered by him from injuries received while riding on the defendant's bus and caused by defendant's alleged negligence in operating the bus. Before trial in that action the plaintiff moved under section 1000 of the Code of Civil Procedure for an order permitting him to inspect and copy photographs in the possession and control of defendant and its attorney, Francis Carroll, the present petitioner.

Affidavits were filed in behalf of the respective parties. The affidavit on behalf of the plaintiff was made by his counsel. It avers that the defendant and its attorneys have possession of photographs of the scene of the accident depicting the "condition of the said Greyhound Bus following the said accident, skid marks, debris, the condition of the highway following said accident and other material and relevant evidence as to the occurrence of said accident." An affidavit in opposition to the motion was also filed. It states that the photographs were taken by the agents of defendant for the purpose of delivering them to its attorneys and were in fact taken and delivered to the attorneys to enable them to prepare a defense to the action. It is insisted that the privilege of attorney and client attaches to the information contained in the photographic evidence.

The court granted the motion and ordered the inspection. The defendant and the petitioner have refused to comply with the order and are threatened with punishment for contempt. The petitioner seeks to restrain the trial court from proceeding with the enforcement of its order by this application for the writ of prohibition.

The questions presented in this case are substantially the same as those involved in the companion case of *Holm* v. *Superior Court, ante,* p. 500 [267 P.2d 1025, 268 P.2d 722], this day filed. It was there held that where the right to assert the privilege is clear the bill of discovery cannot be used to defeat it; that where a communication is between corporate employees and is embodied in photographic evidence for redelivery to a corporate attorney, the privilege attaches if the photographs were created as a means of communicating information to the attorney, and that where the dominant purpose is the transmission of information to an attorney in his professional capacity it is immaterial that there are other incidental purposes not entitled to the privilege.

In the present case there is no conflict with the petitioner's affidavit showing that the photographs were taken for the express purpose of being transmitted to the defendant's attorneys to be used in the threatened litigation. The petition for the writ of prohibition reasserts such a purpose and neither the respondent court nor the real parties in interest have answered it. The facts before the trial court required a determination that the transmittal of the photographs to the attorneys was for the purposes of the litigation

and that this was the dominant if not the sole purpose. To deny the privilege in such circumstances was an abuse of discretion.

Let the peremptory writ issue as prayed. The alternative writ is discharged.

Gibson, C. J., Edmonds, J., Schauer, J., and Spence, J., concurred.

TRAYNOR, J.—I concur in the judgment on the ground that petitioner's allegation that the photographs were taken for the express purpose of transmitting them to him is not disputed by either the respondent court or the real parties in interest.

CARTER, J.—I dissent.

I agree that the photographs would be privileged if taken for the purpose of transmittal to defendant's counsel for use in litigation, but as I pointed out in my dissent in *Holm* v. *Superior Court, ante,* p. 500 [267 P.2d 1025, 268 P.2d 722], the burden of proof on that issue rested upon defendant, the claimant of the privilege. The trial court was justified in concluding, as it did, that that burden had not been sustained because it could disbelieve the affidavits supplied by defendant even though uncontradicted. "A trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it, and this rule applies to an affidavit." (*Lohman* v. *Lohman,* 29 Cal. 2d 144, 149 [173 P.2d 657]; see, also, other cases cited in *Holm* v. *Superior Court, supra.*) The rule is especially applicable in this case since the affidavit is by one of defendant's attorneys, hardly in a position to be unbiased. The majority opinion, however, determines the credibility of the affidavit contrary to the trial court, thus usurping its power.

I would therefore deny the writ.